UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

MARY MCKENNA, on behalf of the
United States of America,

       Plaintiff/Relator,

  -against-                             04 Civ. 8081 (CM)(MDF)

SENIOR LIFE MANAGEMENT, INC., et al.,

       Defendants.

----------------------------------------------------------x

DECISION AND ORDER DENYING DEFENDANTS' MOTIONS
FOR JUDGMENT ON THE PLEADINGS AND FOR LEAVE
TO AMEND THEIR ANSWER TO PLEAD STATUTE OF LIMITATIONS

McMahon, J.:

      Mary McKenna brings this qui tam action against her former employer, Senior Life Management, Inc., seeking damages in right of the United States of America due to Senior Life's purported submission of false claims to the Government. McKenna also argues that she was fired in retaliation for having gone to the authorities and reported defendants' allegedly illegal activities, in violation of 31 U.S.C. § 3730(h).

      Defendants, after filing their answer to the complaint, moved for judgment on the pleadings dismissing the retaliation claim, on the ground that it was barred by the applicable statute of limitations – which, they argue, is found in New York's Whistleblower Statute, Labor Law § 740. Defendant Leah Friedman, an individual, also seeks dismissal as a matter of law, invoking the settled rule that no action lies against an individual under Section 3730(h).

      As plaintiff's response points out, defendant's Fed. R. Civ. P. 12(c) motion invoking the

ostensible time bar must be denied, because defendants omitted to plead the affirmative defense of statute of limitations. Rule 12(c) cannot be used to assert Rule 12(b) defenses that have been waived because they were neither the subject of a pre-answer motion nor pleaded as an affirmative defense. 5A Wright and Miller, Federal Practice and Procedure, § 1367 at 517.

In reply, defendant seeks leave to cure its omission by amending its answer to assert the ostensibly waived defense. Plaintiff opposes that request.

I conclude that the belated application for leave to amend the answer should be denied because amendment would be futile. For the reasons articulated by plaintiff in her responsive brief, the one year limitations period found in Labor Law § 740 does not apply to her claim.

I further conclude that the motion to dismiss this action against Leah Friedman should be denied as premature.

**Motion for Leave to Amend Answer**

For purposes of this motion, the only relevant facts are that the plaintiff was fired in September, 2002, and commenced this action in October, 2004.

The statute of limitations for a claim of retaliation under 31 U.S.C. § 3730 (h) is found in the state statute most closely analogous to that federal law. <u>Graham County Soil & Water v. Wilson</u>, - - U.S. - -, 125 S. Ct. 2444 (2005).[1] The question for this court to resolve is whether the statute most closely analogous to § 3730 is Labor Law § 740 – the so-called whistleblower statute – or the New York State Human Rights Law, Exec. L. § 296, which provides a cause of

---

[1] As plaintiff notes, when she filed her lawsuit, there was a split among the Circuits about whether the limitations period for a 3730(h) claim was six years (as the False Claims Act itself provides) or some other term of years borrowed from state law.

action against an employer who retaliates against an employee for asserting her rights under the New York State Human Rights Law. The difference is not academic, since the former carries a one year statute of limitations and the latter has a three year bar – making plaintiff's claim untimely under the Labor Law and timely under the Executive Law (or under the state's general torts statute).

Defendants argue that the United States Supreme Court held in <u>Graham County</u> that Labor Law § 740 was the New York statute most closely analogous to § 3730(h). It did no such thing. As Relator points out, all the Court did was note that Labor Law § 740 was one of a number of "likely analogous state statutes of limitations." <u>Id.</u> at 2451. The mere fact that the Supreme Court used the phrase "likely analogous" means that the Court made no determination in that regard, a conclusion reinforced by the Court's own follow-up statement, "We stress that these are only the likely candidates for analogous state statutes of limitations; it may well not be an exhaustive or authoritative list of the possibilities."[2] <u>Id.</u> at 2451, n.3.

So it is clear enough that the Supreme Court did not, as defendants argue, "rule" that Labor Law § 740 was the New York statute most closely analogous to the False Claims Act.

Nonetheless, it is easy to see why the Supreme Court selected Labor Law § 740 for inclusion on its list of likely statutory analogues. That law provides:

---

[2] The Supreme Court did not even resolve the issue as to the state in which the claim before it was filed (which was North Carolina, not New York). Stating, "The appropriate state statute of limitations to borrow, however, is not within the scope of the question we granted certiorari to decide," the Supreme Court remanded the matter to the Fourth Circuit to perform the necessary analysis. <u>Id.</u> at 2543.

> An employer shall not take any retaliatory personnel action against an employee because such employee does any of the following:. . . discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety;

N.Y. Labor L. § 740(2) (2006). Section 3730(h) provides:

> Any employee who is discharged....or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.

31 U.S.C. § 3730 (h) (2000). Both Labor Law § 740 and the False Claims Act were passed to encourage employees to report threats to public health and safety without fear of reprisal from their employers. Both are whistleblower statutes. At least on the surface, the analogy is clear.

However, it is well settled as a matter of New York law that Labor Law § 740, while denominated a whistle-blower statute, would afford relator absolutely no relief. That is because the targets of the two laws are different. The False Claims Act seeks redress for harms caused to the Government by the presentation of false claims. Labor Law § 740 does not. It was designed to protect against substantial and specific danger to public health and safety. Indeed, the New York Court of Appeals has ruled that the sort of violation here alleged – a false claim for payment – does not create a substantial and specific danger to the public health and safety. Therefore, retaliation for reporting such overbilling cannot be redressed under Labor Law § 740. <u>Remba v. Federation Employment and Guidance Service</u>, 76 N.Y. 2d 801, 802 (1990). The Court of Appeals noted that § 740 had been criticized by commentators for not affording sufficient safeguards against retaliatory discharge, but ruled that any expansion of that law's reach would have to come from the Legislature. So far, no expansion has been forthcoming.

There is no indication that the Supreme Court analyzed the Remba decision before including Labor Law § 740 in its list of potential statutory analogues to the False Claims Act. Clearly, New York courts would reject a close analogy. So while Labor Law § 740 is a whistleblower law, it offers no protection to a person in relator's precise situation.[3]

To the extent that defendants rely on United States of America ex rel. Mikes v. Strauss et al., 853 F. Supp. 115, 120-21 (S.D.N.Y. 1994) to support their claims that the Labor Law and the False Claims Act are closely analogous (indeed, congruent), they are simply wrong. In Mikes, Relator brought claims under both the False Claims Act and Labor Law § 740. But § 740, like several other New York statutes, can only be invoked if a plaintiff chooses to forego available remedies under any other statute. Dr. Mikes' § 740 claim was dismissed because she has also invoked the protection of the federal law – which caused her to forfeit any claim she might have brought under New York's whistleblower statute (which claim could not, in any event, be a false billing claim).[4]

---

[3] The Supreme Court included in its footnote a second possible New York statute – C.P.L.R. § 215.4 – as providing a "likely analogous" statutes of limitations. Graham County, 125 S. Ct. at 2451, n.3. That statute also provides for a one year limitations period for claims "to enforce a penalty or forfeiture created by statute and given wholly or partly to any person who will prosecute." Defendants do not argue that this is the relevant statute of limitations, and correctly so. C.P.L.R. § 215.4 is the "state qui tam" statute of limitations, the state law that is most closely analogous to the six year limitations period for actions brought under §§ 3730(a) and (b) of the False Claims Act. It is precisely because there is a difference between a qui tam claim itself and a claim for retaliation arising out of the qui tam process that the Supreme Court did not apply the Congressionally-mandated statute of limitations for qui tam claims to retaliation claims.

[4] That Dr. Mikes' claims were congruent – that is to say, that she challenged the same conduct as violating two separate laws – does not automatically mean that the two statutes she invoked were congruent. But the Mikes court did not address that issue; it ruled only that, by bringing a federal claim, Mikes had elected a remedy that was incompatible with the remedy offered by the State of New York.

Relator suggests that the correct analogue for statute of limitations purposes is New York's Human Rights Law, N.Y. Exec. L. § 296, which has a three-year limitations period. The HRL's anti-retaliation provision protects employees who "blow the whistle" against a particular sort of conduct – it protects employees who exercise their statutory right to complain about employment discrimination. And its remedies are more closely analogous to those available under the False Claims Act than are the remedies available under Labor Law § 740.[5]

However, the HRL's anti-retaliation provision does not protect an employee against all whistleblowing conduct – only whistleblowing related to employment discrimination. So it, too, is an imperfect analogy to the False Claims Act.

New York Labor Law § 215, mentioned by neither party, provides a two-year statute of limitations for retaliatory terminations arising out of employee complaints about employer violations of the state's labor laws – a third statute that provides a close, albeit imperfect, analogy to retaliation claims under the False Claims Act. Neither side has mentioned this statute as a possible source for a borrowed statute of limitations, which I find surprising, because it, like the HRL, protects employees against retaliation for complaining about violations of New York's

---

[5] The remedies available for wrongful termination under the False Claims Act include twice the measure of lost wages, plus equitable relief and "special damages." 31 U.S.C. § 3730 (h) (2000). Damages for emotional distress, as well as an award of future earnings in place of reinstatement, have been permitted under the statutory provision for "special damages." Hammond v. Northland Counseling Center, Inc., 218 F.3d 886, 892-93 (8th Cir. 2000); Wilkins v. St. Louis Housing Authority, 198 F. Supp. 2d 1080, 1091 (E.D. Mo. 2001). Similarly, the Human Rights Law grants lost wages and equitable relief, and permits additional damages for emotional distress and lost future earnings, see Tyler v. Bethlehem Steel Corp., 958 F.2d 1176, 1190-91 (2d Cir. 1992). The Labor Law, by contrast, does not include a damages multiplier or permit punitive or additional damages based on emotional distress or other factors. N.Y. Labor L. § 740.5 (a) – (e) (2002), see also Collette v. St. Luke's Roosevelt Hosp., 132 F. Supp. 2d 256, 268 (S.D.N.Y. 2001).

Labor Law (such as failure to pay overtime, violation of safety rules, etc.). The type of employee complaints that fall within the purview of Labor Law § 215 are, again, not the same type of complaints as federal false claims, and the remedies available to the employee are more limited than those available under the False Claims Act and the Human Rights Law.

Relator suggests that if no statute is precisely analogous to the False Claims Act, the right answer is to borrow the three year statute of limitations for personal injury claims found in C.P.L.R. § 214(5) – a statute the Second Circuit has borrowed repeatedly to set the limitations period for actions brought under federal statutes where Congress crafted no statute of limitations, including 42 U.S.C. §§ 1981 and 1983 and Title IX. Curto v. Edmonson, 392 F. 3d 502 (2d Cir. 2004), Okure v. Owens, 816 F. 2d 45, 4809 (2d Cir. 1987), *aff'd* 488 U.S. 235 (1989). Relator argues that adopting the three year period would further the goal of not discriminating against the federal claim and making a realistic remedy available. A longer limitations period would also allow relator to bring her fraud claim to the Government prior to filing the qui tam complaint and without disclosing her retaliation claim (which would have to be filed in very short order). Relator also notes that the Supreme Court in Graham County recognized that a general tort or personal injury statute of limitations could provide the appropriate limitations period for a False Claims Act claim. Indeed, the Court identified fifteen states in which the personal injury statute of limitations was a possible source of a limitations period. 125 S. Ct. at 2451.

I agree with relator, not only because her arguments are sound as a policy matter, but also because the Supreme Court has indicated its support for the use of the state's residuary statute of limitations where different state statutes containing different statutes of limitations are arguably the "most analogous" state statute.

In the context of § 1983 actions, for which Congress provided no statute of limitations, the Court held that proceedings should be considered to be personal injury torts and the applicable state statute of limitations should be applied. Wilson v. Garcia, 471 U.S. 261, 280, 105 S. Ct. 1938 (1985). However, some states distinguished between intentional and unintentional torts and had different limitations period for each. After Wilson, lower courts had to conduct ad hoc and often fact-specific inquiries to determine whether the limitations period for intentional or negligence torts should apply. In Okure v. Owens, 488 U.S. 235, 109 S. Ct. 573 (1989), on appeal from the Second Circuit decision cited above, the Supreme Court concluded that, when a state had more than one statute of limitations for a personal injury tort, the state's residuary personal-injury statute of limitations should be borrowed. Id. at 249-50. The decision was driven largely by common-sense concerns: plaintiffs could not know in advance what limitations period would apply if courts could select the "most analogous" one after the fact. Id. at 245-48.

As I have already pointed out, New York has three similar retaliation statutes – all of them imperfect analogues to the False Claims Act – that offer different limitations periods of one, two and three years. In view of that, I see no reason why federal courts in New York should not apply the three year statute of limitations applicable to all personal injuries except those specifically included in another statute (i.e., New York's residuary personal injury statute of limitations) to a False Claims Act retaliation claim. Indeed, while I am generally reluctant to predict what the Second Circuit would do, I think it likely that it would treat a § 3730(h) claim like any other personal injury claim, given the inapplicability of Labor Law § 740 to false claims emanating from billing errors. I therefore borrow that statute, C.P.L.R. § 214, for purposes of a

emanating from billing errors. I therefore borrow that statute, C.P.L.R. § 214, for purposes of a retaliation claim filed under the Federal False Claims Act.

Because the statute of limitations is three years, this action – filed two years after the claim in suit accrued – was timely commenced. I thus deny the application for leave to amend the answer on the ground that it would be futile to permit defendants to assert a statute of limitations defense.

**Motion to Dismiss Claims Against Leah Friedman As a Matter of Law**

The motion to dismiss the claims against Leah Friedman is denied. There are questions of fact to resolve about Ms. Friedman's relationship to relator – specifically whether Ms. Friedman can be viewed as relator's *de facto* employer, as alleged in the amended complaint. After discovery, I harbor little doubt that Ms. Friedman will make a motion for summary judgment; her arguments will be more appropriately considered at that time.

This constitutes the decision and order of the court. The Clerk of the Court should mark the motion decided and remove it from the court's list of pending motions.

A scheduling order is attached.

Dated: May 2, 2006

_____

U.S.D.J.

BY FAX TO ALL COUNSEL